KIRSHMAN & HARRIS, P.C.
Norman H. Kirshman
Nevada Bar No. 2733
Robert L. Rosenthal
Nevada Bar No. 6476
Roger L. Grandgenett
Nevada Bar No. 6323
411 E. Bonneville, Ste 300
Las Vegas, Nevada 89101
Telephone: (702) 384-3877
Facsimile: (702) 384-7056

Attorneys for Defendants

FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

2003 APR 17  P 3: 39

CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

ZALI, L.L.C., and Indiana
Limited Liability Company dba
ZALI RACING,

               Plaintiff,

vs.

JUNO-ON-LINE SERVICES INC., and
NET ZERO, INC. and UNITED ONLINE
INC., and DOES I-X, inclusive, and
ROES I-X, inclusive,

               Defendants.

CV-S-03-0409-DWH-PAL

**NOTICE OF REMOVAL**

TO:   UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA; and

TO:   ZALI, L.L.C. dba ZALI RACING, Plaintiff; and

TO:   DAVID J. WINTERTON, ESQ,., its attorney of record

    PLEASE TAKE NOTICE that Defendants JUNO-ON-LINE SERVICES,

INC., NET ZERO, INC. and UNITED ONLINE INC. hereby remove the

state court action entitled "ZALI L.L.C. and Indiana Limited

Liability Company dba ZALI RACING vs. JUNO-ON-LINE SERVICES

INC and NET ZERO, INC. and UNITED ONLINE INC. and DOES I-X

inclusive, and ROES I-X, inclusive," Case No. A 464174, filed in the Eighth Judicial District Court, Clark County, Nevada. The grounds for removal are:

1. Plaintiff is a Indiana limited liability company that does business in Clark County, Nevada as ZALI RACING. Defendants are Delaware corporations with their principal places of business in New York and California. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §1441(1)-(c).

3. Venue is appropriate in the unofficial southern division of this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rule 8-1.

4. True copies of the summons and state court complaint are attached as Exhibit 1 and made a part of this notice by this reference. There have been no other proceedings in state court.

5. Plaintiff first served copies of the complaint and summons at Defendants' places of business on or about March 24, 2003. This notice is timely filed within thirty days of service as required by 28 U.S.C. § 1446(b).

-2-

6.    Defendant has prepared and will this day file with
the clerk of the Eighth Judicial District Court a
copy of this Notice.

DATED: _April 17_____, 2003          Respectfully submitted,

                                        KIRSHMAN & HARRIS, P.C.


                                        By _Norman H. Kirshman____
                                            Norman H. Kirshman
                                            Robert L. Rosenthal
                                            Roger L. Grandgenett II
                                            411 E. Bonneville, Ste 300
                                            Las Vegas, Nevada 89101

                                            Attorneys for Defendants

-3-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _17th_ day of April, 2003 the foregoing **"NOTICE OF REMOVAL"** was served by being placed in an envelope with prepaid postage affixed thereto, sealed and deposited with the United States Postal Service for first class delivery to:

>     DAVID J. WINTERTON, ESQ.
>     DAVID J. WINTERTON & ASSOC. LTD.
>     211 N. Buffalo Drive, Suite A
>     Las Vegas, Nevada 89145

By: _Lynn A. Vlahos_
    Kershman & Harris, P.C.
    411 E. Bonneville, Ste 300
    Las Vegas, NV 89101

-11-

Ex. 1

## DISTRICT COURT
## CLARK COUNTY, NEVADA

ZALI L.L.C. an Indiana Limited Liability
Company dba ZALI RACING,      )
                              )
                              )
            Plaintiff,        )
                              )
                              )
vs.                           )
                              )
JUNO-ON-LINE SERVICES INC. and )
NET ZERO, INC. and UNITED ONLINE )
INC., and DOES I-X inclusive, and ROES )
I-X, inclusive,               )
                              )
            Defendants.       )
_____)

Case No.: **A 4 6 4 7 7 4**

Dept. No.:

**COPY**

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED.** THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### UNITED ONLINE, INC.

1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:
DAVID J. WINTERTON & ASSOC., LTD.

By:
David J. Winterton, Esq.
Nevada Bar No.0004142
211 N. Buffalo Dr. #A
Las Vegas, Nevada 89145

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

By: **ASTOR CHAM** COURT'D 4 2003
    DEPUTY CLERK          Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

**NOTE:** When service is publication, add a brief statement of the object of the action.
See Rules of Civil Procedure, Rule 4(b)

1   DAVID J. WINTERTON, ESQ.                           *FILED*
    Nevada Bar No. 004142
2   DAVID J. WINTERTON & ASSOC., LTD.
    211 N. Buffalo Drive, Suite A                      MAR 4  4 32 PM '03
3   Las Vegas, Nevada 89145
    (702) 363-0317
4                                                      _____
    Attorneys for Plaintiffs                           CLERK
5

6                       DISTRICT COURT

7                   CLARK COUNTY, NEVADA

8
    ZALI L.L.C. an Indiana Limited Liability    )
9   Company dba ZALI RACING,                    )
                                                )   Case No.:  A 464174
10                      Plaintiff,              )   Dept. No.:
                                                )           XX
11  vs.                                         )
                                                )
12  JUNO-ON-LINE SERVICES INC. and              )
    NET ZERO, INC. and UNITED ONLINE            )
13  INC., and DOES I-X inclusive, and ROES      )
    I-X, inclusive,                             )
14                                              )
                        Defendants.             )
15  _____)

16      COMES NOW, Plaintiff, ZALI L.L.C., doing business as ZALI RACING, by and through

17  its counsel DAVID J. WINTERTON & ASSOCIATES, hereby files this Complaint against

18  Defendants, JUNO-ON-LINE SERVICES INC., and NET ZERO INC., a successor in interest

19  of United Online Inc., and represents the following to this Honorable Court:

20                       NATURE OF ACTION

21  1.  This Complaint is for the collection of $355,000.00 pursuant to a contract, unjust

22      enrichment and breach of covenant of good faith and fair dealing.

23                     JURISDICTION AND VENUE

24  2.  This Court has subject matter jurisdiction over this action under § 6, article 6 of the

25      Nevada Constitution.

26  3.  This Court has jurisdiction over this matter pursuant to Nevada Revised Statutes § 4.370.

27  4.  Venue is proper in this Judicial District under Nevada Revised Statutes § 13.010 and

28      13.040.

**PARTIES**

5.  The following are real parties of interest pursuant to Nev. R. Civ. P. Rule 17 and have been authorized to bring this cause of action.

6.  Plaintiff, ZALI L.L.C. (hereinafter "Zali") an Indiana Limited Liability Company that does business in Clark County, Nevada as ZALI RACING.

7.  Defendant, JUNO-ONLINE SERVICES INC., (hereinafter "Juno") is a subsidiary of UNITED ONLINE INC., who does business in Clark County, Nevada.

8.  Defendant, NET ZERO, INC., (hereinafter "Net") is a subsidiary of UNITED ONLINE INC., who does business in Clark County, Nevada.

9.  Defendant, UNITED ONLINE INC., is a corporation that does business in Clark County, Nevada.

10.  The true names and capacities of defendants sued herein as DOES and ROES I through X inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named defendants when the same have been fully ascertained.

**GENERAL ALLEGATIONS**

11.  Zali is a member of the Indy Racing League, with offices and shop facilities in Indianapolis, Indiana and Las Vegas, Nevada.

12.  Juno, through their representative, Andrew Cohen, executed a racing advertising sponsorship contract (hereinafter "Contract") with Zali on or about August 9, 2001. See Exhibit 1.

13.  The Contract covered four (4) racing events over a two (2) month period.

14.  Pursuant to the Contract Zali agreed to supply Juno with a Indy race car, transporter, complete race equipment setup, and knowledgeable race car crew, within a Racing Sponsorship Advertising Program.

15.  Zali further agreed to display Juno's name on equipment, uniforms, crowd control barriers, and race car, through the Sponsorship.

1     16.  Zali also provided multiple advertisements for Juno via television, newspaper, media, and

2         Internet pursuant to the Contract.

3     17.  Zali complied with each and every term of the Contract.

4     18.  In consideration for Zali's services Juno agreed to pay Zali Three Hundred Seventy-Five

5         Thousand Dollars ($375,000.00).

6     19.  Juno paid Zali Twenty Thousand Dollars ($20,000.00).

7     20.  Zali has made continual demands for payment of the outstanding balance of Three

8         Hundred Fifty-Five Thousand Dollars ($375,000.00).

9     21.  Juno refuses to pay Zali Three Hundred Fifty-Five Thousand Dollars ($355,000.00).

10                     **FIRST CAUSE OF ACTION**

11                       (Breach of Contract)

12     22.  The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1

13         through 21 inclusively and incorporates them herein by reference as if fully set forth

14         herein.

15     23.  Pursuant to the Contract Zali agreed to provide Juno with a Indy race car, transporter,

16         complete race equipment setup, and knowledgeable race car crew.

17     24.  Zali further agreed to display Juno's name on equipment, uniforms, crowd control

18         barriers, and race car.

19     25.  Zali also provided multiple advertisements for Juno via television, newspaper, media, and

20         Internet pursuant to the Contract.

21     26.  Zali complied with each and every term of the Contract.

22     27.  In consideration for Zali's services Juno agreed to pay Zali Three Hundred Seventy-Five

23         Thousand Dollars ($375,000.00).

24     28.  Juno paid Zali Twenty Thousand Dollars ($20,000.00).

25     29.  Zali has made continual demands for payment of the outstanding balance of Three

26         Hundred Fifty-Five Thousand Dollars ($375,000.00).

27     30.  Juno refuses to pay Zali Three Hundred Fifty-Five Thousand Dollars ($355,000.00).

28     31.  Juno refusal to pay Zali is a material breach of the Contract.

1   32.   Zali is accordingly damaged and entitled to the unpaid balance of Three Hundred Fifty-
2         Five Thousand Dollars ($355,000.00).
3   33.   Further Zali is entitled to interest on the unpaid balance and all its attorneys fees and costs
4         in pursuing this action. ·
5                          **SECOND CAUSE OF ACTION**
6                              (Unjust Enrichment)
7   34.   The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1
8         through 33 inclusively and incorporates them herein by reference as if fully set forth
9         herein.
10  35.   Zali provided Juno with extensive advertising and exposure of Juno's company name in
11        four Indy care races pursuant to Juno's request.
12  36.   Juno accepted Zali services that provided a benefit to Juno.
13  37.   Juno has retained a benefit from Zali's advertising and exposure of Juno's company
14        name.
15  38.   Juno refuses to pay Zali the sum of Three Hundred Fifty-Five Thousand Dollars
16        ($355,000.00) for the services performed by Zali.
17  39.   Zali is accordingly damaged and entitled to the unpaid balance of Three Hundred Fifty-
18        Five Thousand Dollars ($355,000.00).
19  40.   Further Zali is entitled to interest on the unpaid balance and all its attorneys fees and costs
20        in pursuing this action.
21                          **THIRD CAUSE OF ACTION**
22                   (Breach of Covenant of Good Faith and Fair Dealing)
23  41.   The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1
24        through 40 inclusively and incorporates them herein by reference as if fully set forth
25        herein.
26  42.   Zali and Juno entered a Contract involving a sponsorship of an Indy race car team.
27  43.   Zali complied with each and every term of the Contract.
28  44.   Juno refuses to comply with its obligations in the Contract by not paying Zali Three

1      Hundred Fifty-Five Thousand Dollars ($355,000.00).

2  45.   Zali has demanded payment of the outstanding balance.

3  46.   Zali is accordingly damaged and entitled to the unpaid balance of Three Hundred Fifty-

4      Five Thousand Dollars ($355,000.00).

5  47.   Further Zali is entitled to interest on the unpaid balance and all its attorneys fees and costs

6      in pursuing this action

7  WHEREFORE, Plaintiff prays for relief against the Defendants as follows:

8      1.   That Zali be awarded damages in the amount of Three Hundred Fifty-Five

9        Thousand Dollars ($355,000.00);

10      2.   That Zali be awarded interest on the outstanding balance;

11      3.   For attorneys fess and costs in bringing this action;

12      4.   For such other relief as the court deems just and proper.

13  DATED this __5/__ day of February 2003.

14

15                  Submitted by:

16                  DAVID J. WINTERTON & ASSOCIATES LTD.

17

18                  By: _____

19                     DAVID J. WINTERTON, ESQ.
                   Nevada Bar No. 004142

20                     DAVID J. WINTERTON & ASSOC., LTD.
                   211 N. Buffalo Drive, Suite A
                   Las Vegas, Nevada 89145

21

22

23

24

25

26

27

28

# EXHIBIT 1

# Zali Racing
### a division of Zali, L.L.C
## Las Vegas, Nevada

## Sponsorship Agreement

This agreement is between Juno On-Line Services Inc , referred to as "sponsor" and Zali L.L.C., doing business as Zali Racing, referred to as "Zali."

1. **APPOINTMENT OF TEAM:** The sponsor hereby appoints Zali to represent the sponsor in implementing an Indy Racing League advertisement/sponsorship program on its behalf for the specific race events listed in paragraph 2(b) of this agreement. Zali hereby accepts such appointment and shall act at all times as an independent contractor.

2. **SERVICES TO BE PERFORMED:** The services to be performed include all services customarily performed by a professional Indy Car racing team with regard to sponsorship activities. All services will be performed by Zali, as set forth within this agreement, unless upon receipt from the sponsor in writing, requesting changes (there can be a change "cost" to sponsor for changes.) An additional list of advertisement benefits is attached as Exhibit "A102," (to be attached listing additional benefits agreed upon) requiring both parties' signatures.

2a. **PURPOSE OF CONTRACT:** (a) The purpose of this agreement is to created a binding contract by which Zali shall provide to the sponsor a Indy race car, transporter, complete race equipment setup, and knowledgeable crew, capable of qualifying a race car in the scheduled racing events, which includes practice, qualifying and racing. Zali agrees to display sponsors name on equipment, uniforms, crowd control barriers, and race car, the ~~entire race weekends~~ and whenever race car is on the track during the term of this agreement in the Indy Racing Northern Light 2001 Series. The sponsor shall direct Zali on exactly how the sponsor requires Zali to advertise, promote and expose its company name, products and image illustrated in written and verbal forms, within Zali's racing sponsorship

responsibilities outlined in this agreement. Exposure shall be in the form of written and logo decals on the Zali's race car, race equipment, transporter and uniforms

2(b). List of scheduled race(s). (attached Exhibit A103 2001 I.R L. Series.

2(c). "Zali", has contracted with Bill Roe, #81, race car driver, to participate as the Zali Race car driver, in the 2001 Indy Racing Northern Light Series. (see paragraph 12(a).

2(d). Provide sponsor-merchandising rights, opportunity to photograph or film the race car, driver, team and granting of usage rights which shall be in accordance with Zali's standard usage guidelines, attached hereto as Exhibit "A104."

2(e). Driver available to attend sponsors promotional event(s), including one per race, five for Indy 500-race month.

2(f). Provide (sponsors name, logo) signage on the following:
1. See attached diagram on Exhibit "A101" for decal location.
2. Transporter       Yes
3. Pit equipment     Yes
4. Crew uniforms     Yes
5. Golf carts        Yes
6. Other _____

3. PRIOR APPROVAL OF SPONSOR: No obligations shall be incurred by Zali on behalf of the sponsor without first obtaining written approval from the sponsor. All sponsor advertising used by Zali will have written authorization from the sponsor, prior to such use.

4. CONFIDENTIALITY: While this contract is in force, Zali shall not serve as or provide a racing team for any products or additional sponsorship entity without first obtaining written consent from the sponsor. Sponsor shall not unreasonably reject sub sponsorship except in the case of competing like products or services. Zali agrees to treat as private and confidential any and all information relating to the sponsor's business including but not limited to projections, pricing, marketing strategies, customer base, etc., and will nor release any such information to any person, firm or institution unless

specifically directed by sponsor.

5. TIME, CHARGES, EXPENSES AND SERVICES BY ZALI
(INCLUSIVE):  The sponsor agrees to pay Zali a total payment in the
amount of $375,000.00 U.S. by Barter Trade via Blair.Com, for this
sponsorship agreement and services to be rendered.  Payment will be
made on sponsors behalf by Blair.com.  Payment is due by (See Blair
Sponsorship Agreement), 2001 / The payment pays in full for the terms and
conditions of this agreement, representing advertising / sponsorship contract
from 8-07, 2001, thru 12-31, 2001, and all races listed in paragraph 2(b).

6  EXPENSES INCURRED BY ZALI:  If the sponsor cancels any planned
advertising (per this agreement) the sponsor will remain responsible for
100% of the amount set forth in Section 5 above.  Any cancellation must be
in written form and sent certified mail.  There are no refunds if sponsor
cancels this agreement, for any reason.  Zali cannot cancel this agreement.
If Zali is notified of cancellation, Zali's commitment under this agreement
stops on that date.

7.  DEPOSIT FOR ADDITIONAL OUTSIDE COST, TIME AND
CHARGES:  Sponsor agrees to pay a deposit of 10% of total advertising
costs, if sponsor elects to increase sponsorship activity, which both parties
agree to.  The deposit can be applied to sponsorship cost by written
agreement only.

8.  BILLING AND PAYMENT:  If Zali invoices its sponsors, for agreed
upon additional services, the invoices are due and payable upon receipt.
Invoices become delinquent 30 days from the invoices date and are subject
to carrying charge of one (1) percent per month of fraction there of that the
invoice remains overdue.  (any additional services must be approved and
signed in written form by both parties)

9.  TERM OF CONTRACT:  This agreement shall become effective upon
signing by both parties and shall continue in force for a period covering the
race(s) reflected within this contract or unless otherwise specified below:
       December 31, 2001 (4 remaining I.R.L. races)
10.  SPONSOR BENEFITS PROTECTED:  If for any reason, Zali is unable
to deliver any benefits defined in this agreement, it is Zali's contractual
responsibility to the sponsor to substitute, make alternative arrangements or

equipment changes to completely satisfy the sponsorship benefit requirements stated here within, even if there might be additional cost to Zali. These additional costs cannot be charged to the sponsor.

11.  ARBITRATION OR DISPUTES:  Any controversy of claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

12.  PERSONAL NATURE OF CONTRACT:  This contract is between the sponsor and Zali and neither party can assign any of its rights or duties to anyone else, without the written consent of the other party.

12(a).  If for any reason Zali's race car driver fails to be available in the event(s) described within this contract, Zali agrees to replace the driver contracts with another driver, acceptable to sponsor, but final selection is at the election of Zali. Sponsor will be given three replacement drivers to select from.

13.  COMPLETE AGREEMENT:  This contract supersedes all prior contracts and understandings between the parties and may not be modified, changed or altered by any promise of statement by whomsoever made and may only be modified by further written agreements signed by all parties thereto.

13(a).  NOTIFICATIONS:  All correspondence between the parties shall be addressed as follows:

**Zali Racing, a division of Zali L.L.C.**
c/o Eric Zimmerman
P.O. Box 36417
Las Vegas, NV  89133
(702) 633-4007

**Sponsor:**
Juno On-Line Services, Inc.
1540 Broadway, 27th. floor
New York, NY  10036

14  SEVERABILITY AND GOVERNING LAW:  Each of the provisions of
this contract shall be enforced independently of any other provision of this
contract.  In the event of any dispute arising under this contract, it is agreed
between the parties that the law of the State of Nevada would govern the
interpretation, validity, and effect of this contract without regard to the place
of execution or place of performance thereof

15.  WAIVER BREACH:  The failure of either party at any time to require
the performance of the other of any provision herein shall in no way affect the
respective rights of either party to enforce the same, nor shall the waiver by
either party of any breach of any provisions hereunder be construed to be a
waiver of any succeeding breach or as a waiver modification of the provisions
of the contract itself.

16.  ADDITIONAL AGREEMENTS, can be in hand written form (initials
required) Decals for the Kentucky race only will be displayed on the engine
cover.  The other three (3) races are side pod decal placement.  Wing
placement for all four (4) races.

17.

Juno On-Line Services            Date: Aug, 09, 2001
Sponsor:
                                 Date: Aut, 07, 2001
Zali Racing, Eric Zimmerman
President

Agreed this 9th day of August, 2001.

Sponsor Information:              Zali Racing, a division of Zali L.L.C.

Juno Online Services, Inc.        8-07-01
Company name                     Eric Zimmerman, Managing Member
                                 of Zali, L.L.C., dba; Zali Racing
Sponsorship name

Representative name and
signature, title

Atc as